# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-1964
_____

United States of America

*Plaintiff   Appellee*

v.

Quanathan Naiji Knox Ivery

*Defendant   Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Eastern
_____

Submitted: January 9, 2023
Filed: March 1, 2023
[Unpublished]
_____

Before GRASZ, MELLOY, and KOBES, Circuit Judges.
_____

PER CURIAM.

Quanathan Naiji Knox Ivery pled guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  The

district court[1] found Ivery committed the instant offense subsequent to at least two felony convictions for either a crime of violence or a controlled substance offense. U.S.S.G. § 2K2.1(a)(1). With that finding the resulting Guideline range was 110 to 120 months of imprisonment. The district court sentenced Ivery to 110 months. Ivery argues two marijuana convictions did not qualify as controlled substance offenses and an assault conviction was not a crime of violence. As we are bound by Eighth Circuit precedent, we affirm.

Ivery argues two prior convictions for possession of marijuana with intent to deliver in violation of Iowa Code § 124.401(d) do not qualify as controlled substance offenses because at the time of the convictions, the Iowa definition of marijuana included hemp. Ivery admits this argument is precluded by Eighth Circuit precedent which found that "uncontested prior marijuana convictions under the hemp-inclusive version of Iowa Code § 124.401(1)(d) categorically qualified as controlled substance offenses for the career offender enhancement." United States v. Bailey, 37 F.4th 467, 470 (8th Cir. 2022) (citations omitted). "It is a cardinal rule in our circuit that one panel is bound by the decision of a prior panel." Mader v. United States, 654 F.3d 794, 800 (8th Cir. 2011) (en banc) (citation omitted).

Ivery next argues his Iowa assault conviction does not qualify as a crime of violence. It is unnecessary to reach this argument as the two marijuana convictions trigger the application of U.S.S.G. § 2K2.1(a)(1).

Therefore we affirm the judgment of the district court.
_____

_____

[1] The Honorable Stephanie M. Rose, Chief Judge, United States District Court for the Southern District of Iowa.